**UNITED STATES of America**

v.

**Lawrence H. DORMAN.**

**Case No. 8:13–cr–370–T–24EAJ.**

United States District Court,
M.D. Florida,
Tampa Division.

Signed July 17, 2014.

Stacie B. Harris, U.S. Attorney's Office, Tampa, FL, for Plaintiff.

---

### FINAL ORDER OF FORFEITURE FOR REAL PROPERTY

SUSAN C. BUCKLEW, District Judge.

This cause comes before the Court upon the United States opposed motion for a Final Judgment of Forfeiture for:

> The real property located at 3127 Gardner Road, Lakeland, Florida, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

> Lot 4, Gardner Place, according to the map or plat thereof as recorded in Plat Book 104, Page 34, Public Records of Polk County, Florida.

> Property Identification Number: 23–28–04–022507–000040

(the Property).

The Court finds that, in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the Property on the official government website, *www.forfeiture.gov*, from February 19, 2014 through March 20, 2014. Doc. 41. The publication gave notice to all third parties with a legal interest in the assets to file with the Office of the Clerk—United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida, 33602—a petition to adjudicate their interests within 60 days of the first date of publication. Doc. 47, p. 3.

In addition, in accordance with the requirements of 21 U.S.C. § 853(n), the United States sent notice of this forfeiture action and instructions on filing a claim to the assets, via certified and first class mail, to Iris Dorman. Doc. 47, p. 2. Ms. Dorman is the defendant's mother and the only party believed to have any potential interest in the Property. *Id.*

The time for filing a petition has passed and no person, other than Ms. Dorman, filed a claim to the Property. On, March 21, 2014, Ms. Dorman ("Claimant"), filed a claim to the Property, stating that she bought the Property to provide her son with a home where she could easily check-up on him. Doc. 42. Unlike the Claimant, the defendant lived on the Property and admitted to using drugs and producing child pornography on the Property. Doc. 27, pp. 22–24.

The deed shows that the Claimant and the Defendant are listed on the deed as "joint tenants with right of survivorship." The United States does not dispute that Claimant—as one of the two joint tenants on the deed—has a one-half interest in the Property. The United States does not seek to forfeit Claimant's interest in the Property. The United States seeks to forfeit only the defendant's one-half interest in it. The Claimant, in turn, claims that she has a 100% interest in the Property and that the United States is not entitled to forfeit any portion of the Property.

Subsequent to an evidentiary hearing, the Court finds that the house was purchased with the Defendant's funds, that he homesteaded it in his name, and that he—and not the Claimant—exercised dominion and control over the Property. Thus, the Court finds that the Claimant does not have a 100% interest in the Property. Rather, the Defendant and Claimant each have a ½ interest in the Property, by virtue of the deed. *See Beal Bank, SSB v. Almand & Associates*, 780 So.2d 45, 52 (Fla. 2001) ("[I]n a joint tenancy with right of

**1330**

survivorship, each person has only his or her own separate share ... which share is presumed to be equal for purposes of alienation.").

■ When the defendant owns real property with innocent parties, section 853 requires a partial forfeiture. *See, e.g., United States v. Fleet,* 498 F.3d 1225, 1230–31 (11th Cir.2007) (the United States can forfeit defendant's interest in residence he owns with his wife). This is so because "[u]nlike its civil forfeiture counterpart, the criminal forfeiture statute ... contains no innocent owner exception." *Fleet,* 498 F.3d at 1231.

■ A defendant's interest can be forfeited even when alienation of that interest is prohibited by state law. *See* 21 U.S.C. § 853(a) (Any person convicted of a violation of Title 21 shall forfeit to the United States, *irrespective of any provision of State law,* any proceeds obtained from the offense or property used in any manner or part, to commit, or to facilitate the commission of, such violation.); *see also Fleet,* 498 F.3d at 1230–31 (substitute property provision of the federal criminal forfeiture statute preempts homestead exemption in Florida Constitution and tenancy by the entireties law).

■ State and federal law, as well as with the Defendant's plea agreement, thus demonstrate that the Defendant's interest in the Property should be forfeited to the United States.

Once the United States has complied with noticing procedures and the Court has disposed of all claims to the property subject to forfeiture, it is appropriate for the Court to enter a Final Order of Forfeiture, pursuant to Civil Rule 32.2(c)(2). Thereafter, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7). Section 853(h) specifically provides that, "following the seizure of property ordered forfeited the Attorney General *shall* direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent parties."

The United States has provided notice pursuant to the relevant statutes and Rules. No one aside from the Claimant has expressed an interest in the Property, and the time for filing a petition has expired. As set forth above, the United States recognizes Claimant's one-half interest in the Property. Federal and Florida law, as well as the Defendant's plea agreement, make clear that the remaining one-half interest should be forfeited to the United States. And 21 U.S.C. § 853 makes clear that the United States should dispose of its one-half interest "by sale or any other commercially feasible means, making due provision for the rights of any innocent parties."

■ The appropriate means, through which the United States should dispose of its one-half interest, while protecting the interest of the Claimant, is by selling the Property and dividing the net proceeds of that sale equally with the Claimant.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), the defendant's one-half interest in the real property described above is CONDEMNED and FORFEITED to the United States for disposition according to law.

It is FURTHER ORDERED that, pursuant to 21 U.S.C. § 853(h), the United

States shall sell the Property in a commercially feasible manner and divide the net proceeds—which shall include the sales price less the satisfaction of all liens and taxes, and the costs of possession, maintenance, repair, marketing, and sale of the property—equally with Iris Dorman.

It is FURTHER ORDERED that Iris Dorman shall provide any information and execute any documents necessary to facilitate the sale.